1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GRANVILLE H. MARSHALL, JR.,

11          Plaintiff,                    No. CIV S-10-1286 JAM DAD PS

12      v.

13   HAL MEADOWS, et al.,

14          Defendants.                   <u>ORDER</u>

15   _____/

16          This matter came before the court on September 24, 2010, for hearing of

17   defendants' motions to strike plaintiff's exhibits, dismiss plaintiff's complaint and for a more

18   definite statement.  Plaintiff, proceeding pro se, appeared on his own behalf.  J. Hawken

19   Flanagan, Esq. appeared on behalf of defendant Meadows and Jennifer Pruski appeared on behalf

20   of defendant Banner Lassen Medical Center.  Oral argument was heard, and the motions were

21   taken under submission.

22          Upon consideration of the briefing on file, the parties' arguments at the hearing,

23   and the entire file, the court will grant defendants' motion to dismiss.  However, in light of the

24   plaintiff's pro status and for the reasons set forth below, the court will also grant plaintiff leave to

25   amend his complaint to attempt to allege a cognizable claim.

26   /////

1

PLAINTIFF'S CLAIMS

Plaintiff, a medical doctor, alleges that beginning in 2008, defendant Banner Lassen Medical Center ("Banner Lassen") and defendant Hal Meadows, a medical doctor employed by Banner Lassen, began discriminating against plaintiff based on his race.  Plaintiff alleges that the defendants refused to give him an application for "hospital privileges," treated plaintiff's patients with "intentional[] negligent treatment," and, on some occasions, refused to treat plaintiff's patients.  (Compl. (Doc. No. 1) at 4.)[1]

Sometime in January of 2010, defendant Meadows in the course and scope of his employment with defendant Banner Lassen attempted to injure plaintiff's reputation and ability to practice medicine by altering the medical records of one of plaintiff's patients and by providing false information about plaintiff to the patient and the patient's family.  Specifically, plaintiff alleges that defendant Meadows contacted the wife of one of plaintiff's patients and told her that plaintiff was unstable, incompetent, was poisoning her husband and referred to plaintiff as "the pot doctor."[2]  (Id.)

PROCEDURAL HISTORY

On May 25, 2010, plaintiff filed this complaint alleging claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985(3) and Title VII of the Civil Rights Act of 1964, as well as several state law causes of action.  (Id. at 1, 5-14.)  On June 24, 2010, counsel for defendant Banner Lassen filed a motion to strike the exhibits attached to plaintiff's complaint (Doc. No. 6) and a motion to dismiss plaintiff's complaint.  ("Def. Banner Lassen's Mot. to Dismiss" (Doc. No. 10 & 11.))  On June 28, 2010, counsel for defendant Meadows filed a motion to dismiss and a motion for a more definite statement.  ("Def. Meadows' Mot. to Dismiss" (Doc. No. 17.))  Plaintiff filed an opposition to defendants' motions on September 3, 2010.  ("Pl.'s Opp'n." (Doc.

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] The two paragraphs reflect the full extent of plaintiff's factual allegations.

No. 26.))  On September 8, 2010, defendant Meadows joined in defendant Banner Lassen's motion to strike.  (Doc. No. 27.)  Defendants Banner Lassen and Meadows filed replies to plaintiff's opposition on September 13, 2010.  (Doc. No. 30 ("Def. Banner Lassen's Reply"); Doc. No. 32 ("Def. Meadows' Reply").)

ARGUMENTS OF THE PARTIES

Defendants seek dismissal of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that he has failed to state any cognizable claim. Specifically, defendants advance the following arguments.  Plaintiff has failed to allege that the defendants acted under the color of state law and has failed to allege all the elements necessary to support a cause of action under 42 U.S.C. § 1985(3).  Plaintiff cannot state a cognizable Title VII claim for employment discrimination because plaintiff and defendants did not have an employment relationship.  Finally, plaintiff has failed to allege facts sufficient to support each of his state law claims.

In his opposition to the pending motion, plaintiff explains in greater detail the alleged history and relationship between himself and the defendants.  Plaintiff states that this conflict with defendants began in 2002 when he enjoyed hospital privileges at Banner Lassen Medical Center.  Plaintiff alleges that at that time the nursing staff at Banner Lassen refused to carry out his orders because of his race.  Plaintiff complained to the Nursing Board and the Board of Health.

In 2004 plaintiff filed suit against Banner Lassen, the City of Susanville and Lassen County.  Summary Judgment was granted in favor of the City of Susanville and Lassen County, while defendant Banner Lassen and plaintiff reached a settlement agreement.  In 2007 plaintiff filed another civil action against Banner Lassen, claiming that the hospital and Michelle Joy, a co-defendant in the 2007 action, communicated with a potential employer resulting in plaintiff being denied an employment opportunity.

/////

3

Plaintiff claims that on August 31, 2009, one of his patient's was transferred from plaintiff's office to Banner Lassen Medical Center Emergency Room by ambulance but was denied medical care by Banner Lassen because he was plaintiff's patient.  Similarly, plaintiff alleges that on September 3, 2009, another patient arrived at the Banner Lassen Medical Center Emergency Room and was denied care because he was plaintiff's patient.

Defendants' argue in reply that plaintiff's opposition to the pending motion to dismiss does not address the fatal lack of sufficient factual allegations or legal deficiencies of his complaint.  Moreover, defendants argue that plaintiff cannot cure those pleading defects by providing the factual details of prior lawsuits in an effort to re-litigate those matters.

LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTION

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint.  North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).  Thus, the court may dismiss a complaint or any claim within it as frivolous where the claim is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  The critical inquiry is whether a claim, even if inartfully pleaded, has an arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984).  As the Supreme Court has explained, in order to state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In determining whether a complaint states a claim, the court accepts as true the material allegations in the complaint and construes those allegations, as well as the reasonable inferences that may be drawn from them, in the light most favorable to the plaintiff.  Erickson v.

1  Pardus, 551 U.S. 89, 94 (2007); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg.

2  Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242,

3  1245 (9th Cir. 1989).  For purposes of a motion to dismiss, the court also resolves doubts in the

4  plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

5          Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

6  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court may disregard allegations in the

7  complaint that are contradicted by facts established by exhibits attached to the complaint.

8  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  In addition, the court need

9  not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of

10  fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

11                                      ANALYSIS

12  I.  42 U.S.C. § 1983 & The Fourteenth Amendment

13          Plaintiff alleges that this action was "brought pursuant to" 42 U.S.C. § 1983 and

14  the Fourteenth Amendment.  (Compl. (Doc. No. 1.) at 1-2.)  Plaintiff does not, however, provide

15  any additional factual allegations or analysis with respect to either § 1983 or the Fourteenth

16  Amendment and does not cite either with respect to any specific claim he has alleged in his

17  complaint.  In this regard, plaintiff's claim is so vague and conclusory that it could be properly

18  dismissed on that basis alone.  See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th

19  Cir. 1984) (pro se plaintiff's conclusory allegations unsupported by facts properly dismissed by

20  district court).

21          Morever, 42 U.S.C. § 1983 provides as follows:

22          Every person who, under color of [state law] ... subjects, or causes
           to be subjected, any citizen of the United States ... to the

23          deprivation of any rights, privileges, or immunities secured by the
           Constitution ... shall be liable to the party injured in an action at

24          law, suit in equity, or other proper proceeding for redress.

25  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

26  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

                                          5

1    Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

2    (1976).

3         "To make out a cause of action under section 1983, plaintiff[] must plead that (1)

4    the defendants acting under color of state law (2) deprived plaintiff[] of rights secured by the

5    Constitution or federal statutes." Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

6    "[F]or state involvement with a private entity to confer jurisdiction under 42 U.S.C. § 1983 the

7    involvement must be with the specific activity of which a party complains." Watkins v. Mercy

8    Medical Center, 520 F.2d 894, 896 (9th Cir. 1975) (citing Chrisman v. Sisters of St. Joseph of

9    Peace, 506 F.2d 308, 313 (9th Cir. 1974). Further, "where the impetus for the discrimination is

10   private, the State must have 'significantly involved itself with invidious discrimination,' . . . in

11   order for the discriminatory action to fall with the ambit of the constitutional prohibition."

12   Chrisman, 506 F.2d at 313 (quoting Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 173 (1972).

13        Likewise, the Fourteenth Amendment to the United States Constitution provides,

14   among other protections, that "no State" shall deprive any person of life, liberty, or property

15   without due process of law, or deny to any person within the State's jurisdiction the equal

16   protection of the laws. U.S. CONST. AMEND. XIV § 1. "Only when the state becomes 'to some

17   significant extent' involved in the conduct of the affairs of a private institution can that conduct

18   be classified as state action and thus run afoul of the Fourteenth Amendment." Ascherman v.

19   Presbyterian Hospital of Pac. Medical Center, Inc., 507 F.2d 1103, 1104 (9th Cir. 1974) (citing

20   Burton v. Wilmington Parking Authority, 365 U.S. 715 (1961).

21        Defendants argue that plaintiff has failed to state a cognizable claim under § 1983

22   or the Fourteenth Amendment because he has failed to allege that the defendants were acting

23   under color of state law. In his opposition, plaintiff argues that defendant Banner Lassen was

24   acting under color of state law because the State of California issued it a license to operate a

25   medical facility. Similarly, plaintiff argues that defendant Meadows was acting under color of

26   state law because the State of California issued him a license to practice medicine. Plaintiff

6

1  contends that without these licenses the defendants would have been unable to "damage" him.

2  Plaintiff also argues that the defendants receipt of state and federal funds render them state

3  actors.  (Def. Banner Lassen's Mot. to Dismiss (Doc. No. 11) at 10-11; Pl.'s Opp'n. (Doc. No.

4  26.) at 4-5.)

5        The Ninth Circuit Court of Appeals has specifically rejected an argument similar

6  to that advanced by plaintiff, holding that:

7        The mere receipt of Hill-Burton funds[3], even coupled with the
         alleged tax exemptions, is not a sufficient connection between the
8        state and the private activity of which appellant complains to make
         out state action.  The appellant cites us to no regulation, and our
9        independent research reveals none, that authorizes the State of
         California or the federal government to participate in the
10       appointment of medical doctors to the staff of Presbyterian
         Hospital.  Since there is no state action, the termination of
11       appellant's staff privileges need not conform to the constitutional
         commands of the Fourteenth Amendment.

12

13  Ascherman, 507 F.2d at 1105.  See also Watkins, 520 F.2d at 896  (affirming district court's

14  finding that it lacked jurisdiction over a plaintiff's § 1983 claim against a defendant hospital for

15  refusing to renew plaintiff's staff privileges where the plaintiff did not assert that the state had

16  any connection to the hospital's decision, beyond the receipt of Hill-Burton funds).

17        Here, plaintiff has not alleged facts establishing that the State of California had

18  any significant involvement with the defendants' alleged actions about which plaintiff complains.

19  In this regard, it appears that any alleged discrimination was the result of merely private conduct.

20  The Fourteenth Amendment and § 1983 exclude from their reach "merely private conduct, no

21  matter how discriminatory or wrongful."  American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40,

22  50 (1999).  While plaintiff has attempted to address this issue by asserting in his opposition that

23  the defendants were acting under color of state law because they were issued state licenses to

24  practice medicine, he cites no authority in support of the proposition that their status as medical

25

26        [3] The Hill-Burton Act provided federal funds to states for the construction and
    modernization of medical facilities.  42 U.S.C. § 291.

7

1   license holders transforms all of their conduct into state action and the court is aware of no such

2   authority.  See Blum v. Yaretsky, 457 U.S. 991, 1007-12 (1982) (that nursing home decisions to

3   discharge or transfer patients are made by State-licensed physicians or that the state heavily

4   regulates the nursing home industry does not render those decisions "state action" for purposes

5   of § 1983 or the Fourteenth Amendment); see also Aasum v. Good Samaritan Hospital, 542 F.2d

6   792, 795 (9th Cir. 1976) (that State Board of Health inspects private hospitals does not render

7   hospital's refusal to allow a licensed physician to use its clinical laboratory facilities state action);

8   Ouzts v. Maryland Nat. Ins. Co., 470 F.2d 790, 793 (9th Cir. 1972) ("Merely acting under a state

9   license is not state action within the meaning of the civil rights acts."); Carter v. Norfolk

10  Community Hospital Ass'n., Inc., 761 F.2d 970, 974 (4th Cir. 1985) (hospital's termination of

11  physician's professional privileges did not involve state action and § 1983 action brought by

12  physician should be dismissed for failure to state a claim); Fridman v. City of New York, 183 F.

13  Supp. 2d 642, 651 (S.D.N.Y. 2002) ("[T]hat the State of New York licenses the physicians does

14  not render them subject to Constitutional limitations.  Such a rule would render essentially all

15  medical care state action and would bring all medical malpractice actions into the purview of 18

16  U.S.C. § 1331 (federal question jurisdiction).")

17          For the reasons stated above, plaintiff has failed to state a cognizable claim for

18  relief under either 42 U.S.C. § 1983 or the Fourteenth Amendment, and those claims must

19  therefore be dismissed.

20  II.  42 U.S.C. § 1985(3)

21          Plaintiff also alleges that the defendants violated his rights under 42 U.S.C. §

22  1985(3).  Specifically, plaintiff alleges that the defendants:

23          conspired to deprive plaintiff, either directly of indirectly, of the
        equal protection of the law or of equal privileges and immunities
24          afforded under the laws of the United States and the laws of the
        state of California.

25

26  (Compl. (Doc. No. 1) at 5.)  Plaintiff alleges no additional facts in support of this claim, aside

8

1  from incorporating the allegations already set forth above.  Accordingly, this claim too is so

2  vague and conclusory that it could be properly dismissed on that basis alone.

3        Morever, to state a cognizable  claim for a violation of § 1985(3), a plaintiff must

4  allege four elements:

5        (1) a conspiracy; (2) for the purpose of depriving, either directly or

6        indirectly, any person or class of persons of the equal protection of
      the laws, or of equal privileges and immunities under the laws; and

7        (3) an act in furtherance of this conspiracy; (4) whereby a person is
      either injured in his person or property or deprived of any right or
      privilege of a citizen of the United States.

8

9  Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (citing United States

10  Brotherhood of Carpenters and Joiners of America v. Scott, 463 U.S. 825, 828-29 (1983)).  See

11  also Scott v. Ross, 140 F.3d 1275, 1284 (9th Cir. 1998).  To establish the second element of a §

12  1985(3) claim, the plaintiff must identify a legally protected right and allege facts showing that

13  the deprivation of the right was "motivated by 'some racial, or perhaps otherwise class-based,

14  invidiously discriminatory animus behind the conspirators' action.' "  Sever, 978 F.2d at 1536

15  (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).  " '[T]he plaintiff must be a member

16  of a class that requires special federal assistance in protecting its civil rights.' "  McCalden v.

17  California Library Ass'n, 955 F.2d 1214, 1223 (9th Cir. 1990) (quoting Gerritsen v. de la Madrid

18  Hurtado, 819 F.2d 1511, 1519 (9th Cir. 1987)).

19        Here, plaintiff alleges, in mere conclusory manner, that the defendants

20  discriminated against him "based on his race."  (Compl. (Doc. No. 1) at 4.)  However, in the

21  allegations of his complaint, plaintiff does not identify his race nor the race of any other

22  individual, nor does plaintiff allege facts supporting the inference that defendants' actions were

23  motivated by racial animus.  Plaintiff also fails to specify how the defendants' alleged actions

24  deprived him of a legally protected right.  Plaintiff merely states vague and conclusory

25  allegations that the defendants deprived him of "the equal protection of the law," of "equal

26  privileges and immunities" afforded him under the law, and "of rights and privileges afforded to

1  citizens" of the United States and the State of California.  (Id. at 5.)  Moreover, plaintiff's

2  conspiracy claim is not supported by an allegation of any specific act of the defendants' that

3  could be construed as an act in furtherance of the alleged conspiracy.  Instead, plaintiff again

4  merely states his vague and conclusory allegation that the defendants "conspired."  (Id.)  See

5  Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988) ("A mere

6  allegation of conspiracy without factual specificity is insufficient.")[4]

7          For the reasons stated above, plaintiff has failed to state a cognizable claim for

8  relief under 42 U.S.C. § 1985(3) and that claim must also be dismissed.

9  III.  42 U.S.C. § 1981

10          Plaintiff claims that the defendants violated his rights under 42 U.S.C. § 1981.

11  Specifically, plaintiff alleges that defendant Meadows, acting as an agent for defendant Banner

12  Lassen, refused to provide plaintiff an application for hospital privileges because of plaintiff's

13  race.  (Compl. (Doc. No. 1) at 13.)  Plaintiff also alleges that the defendants discriminated against

14  him by prohibiting him "from seeing his patients at Banner Lassen Medical Center."  (Id.)

15

16          [4]  Plaintiff alleges that defendant Meadows was an employee of defendant Banner Lassen,
   a corporation, and was at all times "acting in the course and scope of such agency employment."
17  (Compl. (Doc. No. 1) at 2-3.)  It has been held that a corporation cannot conspire with its agents
   who are acting within the scope of their employment.  Nelson Radio & Supply Co. v. Motorola,
18  Inc., 200 F.2d 911, 914 (5th Cir. 1952); see also Harvey v. Fearless Farris Wholesale, Inc., 589
   F.2d 451, 455, n. 7 (9th Cir. 1978) ("Two or more individual officers, directors or agents within a
19  single corporation, acting on behalf of that corporation, are considered incapable of conspiring
   with each other or with their corporation . . . .")  While the Ninth Circuit has expressly declined
20  to decide this issue, (see Portman v. County of Santa Clara, 995 F.2d 898, 910 (9th Cir. 1995),
   other circuit courts have held that this so-called "intracorporate conspiracy doctrine" applies with
21  equal force to § 1985 claims.  See Hoefer v. Fluor Daniel, Inc., 92 F. Supp.2d 1055, 1057-58
   (C.D. Cal. 2000) (noting that the Second, Fourth, Sixth, Seventh and Eighth Circuits have so
22  held, while the First and Third Circuits have refuse to apply the doctrine to § 1985 cases alleging
   conspiracies  to discriminate based on the basis of race or sex).  Federal district courts within
23  California are split on the issue as well.  See Mory v. City of Chula Vista, No. 07CV0462, 2008
   WL 360449, at *6 (S.D. Cal. 2008); Hoefer, 92 F. Supp.2d at 1059.  But see Washington v. Duty
24  Free Shoppers, 696 F. Supp. 1323, 1325 (N.D. Cal. 1988); Rebel Van Lines v. City of Compton,
   663 F. Supp. 786, 792 (C.D. Cal. 1987).  In addition, there are recognized exceptions to the
25  application of the doctrine.  See Webb v. County of Trinity, No. Civ. S-10-0012 LKK/CMK,
   2010 WL 4628097, at *5 (E.D. Cal. Nov. 4, 2010).  In any event, the court need not resolve the
26  question here, in light of the grounds for dismissal discussed above.

1    42 U.S.C. § 1981 provides as follows:

2    (a) Statement of equal rights-All persons within the jurisdiction of
     the United States shall have the same right in every State and
3    Territory to make and enforce contracts, to sue, be parties, give
     evidence, and to the full and equal benefit of all laws and
4    proceedings for the security of persons and property as is enjoyed
     by white citizens, and shall be subject to like punishment, pains,
5    penalties, taxes, licenses, and exactions of every kind, and to no
     other.

6
     (b) "Make and enforce contracts" defined-For purposes of this
7    section, the term "make and enforce contracts" includes the
     making, performance, modification, and termination of contracts,
8    and the enjoyment of all benefits, privileges, terms, and conditions
     of the contractual relationship.

9
     (c) Protection against impairment-The rights protected by this
10   section are protected against impairment by nongovernmental
     discrimination and impairment under color of State law.

11

12   42 U.S.C. § 1981.

13        However, § 1981 is not "a general proscription of racial discrimination . . . it

14   expressly prohibits discrimination only in the ***making and enforcement of contracts***."  Patterson

15   v. McLean Credit Union, 491 U.S. 164, 176 (1989) (emphasis added).  See also Georgia v.

16   Rachel, 384 U.S. 780, 791 (1966) ("The legislative history of the 1866 Act clearly indicates that

17   Congress intended to protect a limited category of rights").

18        In this respect, [§ 1981] prohibits discrimination that infects the
          legal process in ways that prevent one from enforcing contract
19        rights, by reason of his or her race, and this is so whether this
          discrimination is attributed to a statute or simply to existing
20        practices.  It also covers wholly private efforts to impede access to
          the courts or obstruct nonjudicial methods of adjudicating disputes
21        about the force of binding obligations, as well as discrimination by
          private entities, such as labor unions, in enforcing the terms of a
22        contract.

23   Patterson, 491 U.S. at 177.  "Any claim brought under § 1981, therefore, must initially identify

24   an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights."

25   Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006).  "[A] plaintiff cannot state a claim

26   /////

1  under § 1981 unless he has (or would have) rights under the existing (or proposed) contract that

2  he wishes 'to make and enforce.' " (Id. at 479-80.)

3         Here, plaintiff's complaint is devoid of any allegations regarding a contractual

4  relationship between the parties.[5]  Instead, plaintiff has merely alleged that the defendants

5  "refused plaintiff an application for hospital privileges based on plaintiff's race."  (Compl. (Doc.

6  No. 1) at 13.)  Presented with only this bare, unexplained declaration that plaintiff was denied an

7  application for hospital privileges, it is left unclear how such an application implicated a

8  contractual relationship.  See generally Ennix v. Stanten, 556 F. Supp.2d 1073, 1082-84 (N.D.

9  Cal. 2008) (examining whether plaintiff doctor had a contractual relationship with defendant

10  medical center for purposes of stating a claim pursuant to § 1981 and concluding that the

11  allegations of such a relationship in that case defeated the medical center's summary judgment

12  motion); Janda v. Madera Community Hospital, 16 F. Supp. 2d 1181, 1186-87 (E.D. Cal. 1998)

13  (employment contract between physician and hospital supported by consideration found to exist).

14         The bare allegations of plaintiff's complaint in this regard, fail to state a

15  cognizable claim for relief under 42 U.S.C. § 1981 and that claim must, therefore, be dismissed

16  as well.

17  IV.  Title VII

18         Plaintiff also asserts a cause of action for violation of his rights under Title VII.

19  Specifically, plaintiff alleges that defendant Meadows, acting as an agent for defendant Banner

20  Lassen, refused to provide plaintiff an application for hospital privileges because of his race.

21  (Compl. (Doc. No. 1) at 13.)  In addition, plaintiff alleges that the defendants discriminated

22  against him by denying plaintiff "from seeing his patients at Banner Lassen Medical Center."

23  (Id.)  Finally, plaintiff claims that defendant Meadows told plaintiff's patients that plaintiff  was

24

25       [5] Under California contract law, "[i]t is essential to the existence of a contract that there
   should be: (1) Parties capable of contracting; (2) Their consent; (3) A lawful object; and, (4) A

26  sufficient cause or consideration."  CAL. CIV. CODE § 1550.

unstable, incompetent, was poisoning them and referred to plaintiff as the "pot doctor." (Id. at 14.)

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to [her] compensation, term, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1).  A person is discriminated against through disparate treatment "when he or she is singled out and treated less favorably than others similarly situated on account of race." McGinest v. GTE Service Corp., 360 F.3d 1103, 1121 (9th Cir. 2004) (quoting Jauregui v. City of Glendale, 852 F.2d 1128, 1134 (9th Cir. 1988)).

"One of Congress' objectives in enacting Title VII was 'to achieve equality of employment opportunities . . . .'" Adcock v. Chrysler Corp., 166 F.3d 1290, 1292 (9th Cir. 1999) (quoting Griggs v. Duke Power Co., 401 U.S. 424, 429 (1971)).  "Consequently, there must be some connection with an employment relationship for Title VII protections to apply." Id. (quoting Lutcher v. Musicians Union Local 47, 633 F.2d 880, 883 (9th Cir. 1980)).  "Title VII protects employees, but does not protect independent contractors." Id. (citing Lutcher, 633 F.2d at 883 and Mitchell v. Frank R. Howard Memorial Hosp., 853 F.2d 762, 766 (9th Cir. 1988)).

Defendants argue that plaintiff has not alleged that an employment relationship existed between plaintiff and the defendants.  Defendant Banner Lassen notes that plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") based on the allegations found in his complaint and that the EEOC responded by stating: "The EEOC is closing its file on this charge for the following reason: Other (briefly state) No jurisdiction." (Def. Banner Lassen's Mot. to Dismiss (Doc. No. 11) at 21-22.)  Defendant Banner Lassen asserts that the EEOC did not have jurisdiction over plaintiff's allegations because plaintiff did not have an employment relationship with Banner Lassen. (Id. at 22.)  In opposing defendants' motion to dismiss plaintiff does not dispute defendants' argument but instead argues that there "is no purer form of employment discrimination than denying an applicant an application for employment." (Pl.'s Opp'n. (Doc. No. 26.) at 6.)

1    As noted above, plaintiff has failed to allege in his complaint that "hospital

2    privileges" would have established an employment relationship between himself and the

3    defendants.  See generally Johnson v. Riverside Healthcare System, LP, 534 F.3d 1116, 1126

4    (9th Cir. 2008) (finding doctor who received compensation from defendant that retained control

5    over doctor's activities was an employee); Mitchell v. Frank R. Howard Memorial Hosp., 853

6    F.2d 762, 766-67 (9th Cir. 1988) (finding plaintiff radiologist alleged sufficient facts to establish

7    plaintiff was an employee and not an independent contractor for purpose of Title VII).  But see

8    Wojewski v. Rapid City Regional Hosp., Inc., 450 F.3d 338, 343-44 (8th Cir. 2006) (doctor

9    challenging termination of hospital privileges was an independent contractor, not an employee);

10   Shah v. Deaconess Hosp., 355 F.3d 496, 500 (6th Cir. 2004) (doctor with surgical privileges was

11   not an employee for Title VII purposes); Alexander v. Rush North Shore Medical Center, 101

12   F.3d 487, 494 (7th Cir. 1996) (finding plaintiff doctor was an independent contractor precluding

13   Title VII action against defendant hospital that revoked his privileges); Diggs v. Harris Hospital -

14   - Methodist, Inc., 847 F.2d 270, 272-73 (5th Cir. 1988) (no employee-employer relationship

15   between physician and hospital for purposes of Title VII claim challenging termination of

16   privileges) .  Nor has plaintiff addressed defendants' argument on this issue in his opposition to

17   the pending motion to dismiss,

18       Even assuming plaintiff's request for hospital privileges would have established

19   an employment relationship between himself and defendants, plaintiff has failed to alleges facts

20   necessary to establish a prima facie case of racial discrimination "by showing (i) that he belongs

21   to a racial minority; (ii) that he applied and was qualified for a job for which the employer was

22   seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his

23   rejection, the position remained open and the employer continued to seek applicants from

24   persons of complainant's qualifications."  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802

25   (1973).  See also Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1220 (9th Cir. 1998).  Nor has

26   /////

1  plaintiff in his complaint alleged facts that would, alternatively, establish discriminatory animus.

2  See Vasquez v. County of Los Angeles, 349 F.3d 634, 640 (9th Cir. 2003).

3              For these reasons, plaintiff has failed allege facts establishing a claim for relief

4  under Title VII and that claim must be dismissed.

5  V.  State Law Claims

6              Under the analysis set forth above, plaintiff's federal claims will be dismissed.

7  Because there would then be no federal claims remaining, this court would decline to exercise

8  supplemental jurisdiction over plaintiff's various state law claims.  See 28 U.S.C. § 1367(c) (3)

9  (The district courts may decline to exercise supplemental jurisdiction over a claim . . . if - the

10  district court has dismissed all claims over which it has original jurisdiction").  "'In the usual

11  case in which all federal-law claims are eliminated before trial, the balance of factors . . . will

12  point toward declining to exercise jurisdiction over the remaining state-law claims.'"  Acri v.

13  Varian Associates, Inc., 114 F.3d 999, 1000-01 (9th Cir. 1997) (quoting Carnegie-Mellon

14  University. v. Cohill, 484 U.S. 343, 350, n. 7 (1988)).  See also Gini v. Las Vegas Metropolitan

15  Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1984) (same).  Considerations of comity weigh

16  heavily in favor of declining to exercise supplemental jurisdiction since all of plaintiff's

17  remaining claims arise under California law.  See Gibbs v. United Mine Workers of America,

18  383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided [.]")  Moreover,

19  federal judicial economy is promoted by declining to exercise supplemental jurisdiction.  See

20  Otto v. Heckler, 802 F.2d 337, 338 (9th Cir.1986) ("The district court, of course, has the

21  discretion to determine whether its investment of judicial energy justifies retention of

22  jurisdiction.")

23              For all of these reasons, pursuant to 28 U.S.C. § 1367(c)(3) the court would

24  decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims in the

25  event all his federal claims were dismissed.

26  /////

1    VI.  Leave to Amend

2    _____The undersigned has carefully considered whether plaintiff may be able to cure

3    the defects noted above in a first amended complaint.  In making this assessment, the

4    undersigned has taken into consideration plaintiff's pleadings and all briefing filed in connection

5    with the pending motion.  "Valid reasons for denying leave to amend include undue delay, bad

6    faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818

7    F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv.

8    Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely

9    given, the court does not have to allow futile amendments).  However, when evaluating the

10   failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it

11   appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which

12   would entitle [her] to relief.'"  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting

13   Haines v. Kerner, 404 U.S. 519, 521 (1972).  See also Weilburg v. Shapiro, 488 F.3d 1202, 1205

14   (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is

15   absolutely clear that the deficiencies of the complaint could not be cured by amendment.")

16   (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

17               Here, because of the vague and conclusory nature of plaintiff's claims the court

18   cannot say that it appears beyond doubt that leave to amend would be futile with respect to any of

19   the federal claims addressed above.[6]  Plaintiff's original complaint will therefore be dismissed,

20   and he will be granted leave to file an amended complaint.  Plaintiff is cautioned however that, if

21   _____

22        [6] Plaintiff is however cautioned that, should he elect to file an amended complaint, he
     must carefully review this order to determine if any or all of his federal claims are indeed
23   meritless before raising any such claim in an amended complaint.  The court is particularly
     mindful that defendants have argued that plaintiff cannot cure the defects in his original
24   complaint simply by attempting to re-litigate prior lawsuits in which either settlements were
     reached or the defendants prevailed.  Those arguments are well-taken.  Plaintiff is cautioned to
25   heed them in determining whether he can allege facts stating a cognizable claim in any amended
     complaint he considers filing with this court.  If he determines that no cognizable federal claim
26   can be stated, plaintiff should seek to voluntarily dismiss this action pursuant to Federal Rule of
     Civil Procedure 41(a).

1  he elects to file an amended complaint, "the tenet that a court must accept as true all of the

2  allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of

3  the elements of a cause of action, supported by mere conclusory statements, do not suffice."

4  Ashcroft v. Iqbal, ___U.S.___, ___,129 S. Ct. 1937, 1949 (2009).  "While legal conclusions can

5  provide the complaint's framework, they must be supported by factual allegations."  Id. at 1950.

6  Those facts must be sufficient to push the claims "across the line from conceivable to

7  plausible[.]"  Id. at 1951 (quoting Twombly, 550 U.S. at 557).

8          Plaintiff is reminded that any amended complaint he elects to file must be

9  complete in itself without reference to prior pleadings that have been dismissed.  See Local Rule

10  220.  The court cannot refer to prior pleadings in order to make plaintiff's first amended

11  complaint complete.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Moreover, plaintiff's

12  first amended complaint must contain factual allegations describing the conduct and events

13  which underlie his claims against each defendant named in the pleading.

14                              CONCLUSION

15          For the reasons set forth above, IT IS HEREBY ORDERED that:

16          1.  Defendant Banner Lassen's June 24, 2010 motion to strike (Doc. No. 6) is

17  denied as moot;

18          2.  Defendant Banner Lassen's June 24, 2010 motion to dismiss (Doc. No. 10) is

19  granted;

20          3.  Defendant Meadows' June 28, 2010 motion for a more definite statement

21  (Doc. No. 17) is denied as moot;

22          4.  Defendant Meadows' June 28, 2010 motion to dismiss (Doc. No. 17) is

23  granted;

24          5.  Plaintiff's complaint (Doc. No. 1) is dismissed;

25          6.  Plaintiff is granted thirty days from the date of service of this order to file a

26  first amended complaint that complies with the requirements of the Civil Rights Act, the Federal

1   Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

2   docket number assigned to this case and must be labeled "Amended Complaint;" failure to file an

3   amended complaint in accordance with this order will result in a recommendation that this action

4   be dismissed without prejudice; and

5          7.  If Defendant Meadows or Defendant Banner Lassen is named as a defendant in

6   any amended complaint plaintiff elected to file, that defendant shall respond to the pleading

7   within thirty days after it is filed and served.

8   DATED: March 15, 2011.

9

10                                        _____

11                                        DALE A. DROZD
                                          UNITED STATES MAGISTRATE JUDGE

12  DAD:6
    orders.pro se/marshall1286.MTD

13

14

15

16

17

18

19

20

21

22

23

24

25

26