IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GRANVILLE H. MARSHALL, JR.,

    Plaintiff,                    No. CIV S-10-1286 JAM DAD PS

    v.

HAL MEADOWS, et al.,             FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

        This matter is before the court on defendant Banner Lassen Medical Center's motion to dismiss and defendant Hal Meadows' motions to strike and to dismiss plaintiff's amended complaint.[1]  For the reasons set forth below, the court will recommend that defendants' motions to dismiss be granted in part.

## PLAINTIFF'S CLAIMS

        Plaintiff, a medical doctor, alleges that beginning in 2008, defendant Banner Lassen Medical Center ("Banner Lassen") and defendant Hal Meadows, a medical doctor employed by Banner Lassen, began discriminating against plaintiff based on his race.  Plaintiff

---

[1] No hearing was held on defendants' motions due to plaintiff's failure to file timely opposition thereto.  See June 21, 2011 Order (Doc. No. 49).  Instead, plaintiff was allowed to belatedly file his opposition and, thereafter, defendants were permitted to request a hearing if they so desired.  Defendants filed replies but did not request a hearing.

1

alleges that the defendants refused to give him an application for "hospital privileges," treated plaintiff's patients with "intentional[] negligent treatment," and also refused to treat plaintiff's patients. (Am. Compl. (Doc. No. 37) at 4.)[2]

      Specifically, plaintiff alleges as follows. On August 31, 2009, his patient Dennis Stickney was taken by ambulance to Banner Lassen. When Mr. Stickney arrived, however, he was denied medical care because he was plaintiff's patient. On September 3, 2009, plaintiff's patient John Moore Jr, arrived at the Banner Lassen Emergency Room and was also denied care because he was plaintiff's patient. (Id. at 5.) Moreover, sometime in January of 2010, defendant Meadows in the course and scope of his employment with defendant Banner Lassen attempted to injure plaintiff's reputation and ability to practice medicine by altering the medical records of a patient and by providing false information about plaintiff to the patient and the patient's family. Defendant Dr. Meadows contacted the wife of one of plaintiff's patients and told her that plaintiff was unstable, incompetent, was poisoning her husband and referred to plaintiff as "the pot doctor." Dr. Meadows telephoned plaintiff, asserting that he was unstable, incompetent, was overdosing his patient on methadone, and was the "pot doctor." Plaintiff disagreed and Dr. Meadows then called plaintiff a "stupid nigger" and hung up the phone. (Id. at 4-5.)

      Plaintiff filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC"), alleging that the defendants violated his rights under Title VII. (Id. at 4.) On February 25, 2010, the EEOC issued plaintiff a "Right to Sue" letter. (Id.)

## PROCEDURAL HISTORY

      Plaintiff commenced this action on May 25, 2010, by filing his original complaint. (Doc. No. 1.) On June 24, 2010, counsel for defendant Banner Lassen filed a motion to dismiss that complaint. (Doc. No. 11.) On June 28, 2010, counsel for defendant Meadows also filed a motion to dismiss plaintiff's original complaint. (Doc. No. 17.) The undersigned granted

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1  defendants' motions to dismiss and granted plaintiff thirty days to file an amended complaint by
2  order filed March 16, 2011. (Doc. No. 36.)
3        Plaintiff filed his amended complaint on April 20, 2011, alleging claims under
4  Title VII and 42 U.S.C. § 1981, as well as several state law claims. (Am. Compl. (Doc. No. 37.))
5  On May 19, 2011, counsel for defendant Banner Lassen filed a motion to dismiss plaintiff's
6  amended complaint pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure. ("Def.
7  Banner Lassen's Mot. to Dismiss" (Doc. No. 38.)) On May 20, 2011, counsel for defendant
8  Meadows filed a motion to strike ("Def. Meadows' Mot. to Strike" (Doc. No. 43)), as well as a
9  motion to dismiss plaintiff's amended complaint pursuant to rule 12(b)(6). ("Def. Meadows'
10 Mot. to Dismiss" (Doc. No. 45.)) Plaintiff finally filed an opposition to defendants' motions on
11 July 5, 2011. ("Pl.'s Opp'n." (Doc. No. 50.)) Defendant Banner Lassen filed a reply on July 12,
12 2011, ("Def. Banner Lassen's Reply" (Doc. No. 51)), and defendant Meadows filed a reply on
13 July 15, 2011. ("Def. Meadows' Reply" (Doc. No. 54.))

            LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTIONS

15       A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the
16 complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).
17 Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable
18 legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri
19 v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter
20 Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). Thus, the court may dismiss a complaint or
21 any claim within it as frivolous where the claim is based on an indisputably meritless legal theory
22 or where the factual contentions are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327
23 (1989). The critical inquiry is whether a claim, even if inartfully pleaded, has an arguable legal
24 and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin v. Murphy,
25 745 F.2d 1221, 1227 (9th Cir. 1984). As the Supreme Court has explained, in order to state a
26 claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to

3

relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In determining whether a complaint states a claim, the court accepts as true the material allegations in the complaint and construes those allegations, as well as the reasonable inferences that may be drawn from them, in the light most favorable to the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). For purposes of a motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court may disregard allegations in the complaint that are contradicted by facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). In addition, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

ANALYSIS

I. Title VII

Plaintiff asserts a cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Specifically, he alleges that defendant Dr. Meadows, acting as an agent for defendant Banner Lassen, refused to provide plaintiff an application for hospital privileges because of plaintiff's race. (Am. Compl. (Doc. No. 37) at 12.) In addition, plaintiff alleges that the defendants discriminated against him by prohibiting plaintiff "from seeing his patients at Banner Lassen Medical Center," by "willfully refusing treatment of plaintiff's patients at Banner Lassen Medical Center," and by "[i]ntentionally delivering negligent treatment" to his patients. (Id.) Finally, plaintiff claims that the defendants made "false representations" to his patients by telling them that he was unstable, incompetent, was poisoning them and by referring to plaintiff as the "pot doctor." (Id.)

4

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). A person is discriminated against through disparate treatment "when he or she is singled out and treated less favorably than others similarly situated on account of race." McGinest v. GTE Service Corp., 360 F.3d 1103, 1121 (9th Cir. 2004) (quoting Jauregui v. City of Glendale, 852 F.2d 1128, 1134 (9th Cir. 1988)).

"One of Congress' objectives in enacting Title VII was 'to achieve equality of employment opportunities . . . .'" Adcock v. Chrysler Corp., 166 F.3d 1290, 1292 (9th Cir. 1999) (quoting Griggs v. Duke Power Co., 401 U.S. 424, 429 (1971)). "Consequently, there must be some connection with an employment relationship for Title VII protections to apply." Id. (quoting Lutcher v. Musicians Union Local 47, 633 F.2d 880, 883 (9th Cir. 1980). "Title VII protects employees, but does not protect independent contractors." Id. (citing Lutcher, 633 F.2d at 883 and Mitchell v. Frank R. Howard Memorial Hosp., 853 F.2d 762, 766 (9th Cir. 1988)). See also Murray v. Principal Financial Group, Inc., 613 F.3d 943, 944 (9th Cir. 2010) ("Murray is entitled to the protections of Title VII only if she is an employee.").

Defendants argue that plaintiff has not alleged that an employment relationship existed between the parties. In this regard, defendant Banner Lassen notes that plaintiff filed a claim with the EEOC based on the allegations found in his amended complaint and that the EEOC responded by stating: "The EEOC is closing its file on this charge for the following reason: Other (briefly state) No jurisdiction." (Def. Banner Lassen's Mot. to Dismiss (Doc. No. 39) at 10.) Defendant Banner Lassen contends that the EEOC found that it did not have jurisdiction over plaintiff's claim because he was not employee of Banner Lassen.[3] (Id.) Defendant Banner Lassen also argues that even if plaintiff could establish an employment

---

[3] Defendant Banner Lassen asserts that it is precluded from hiring or employing plaintiff to provide medical services as a matter of California law. (Def. Banner Lassen's Mot. to Dismiss (Doc. No. 39) at 9) (citing California Business & Professions Code § 2400). However, defendant Banner Lassen provides no further elaboration in this regard.

5

relationship between himself and defendants, plaintiff has failed to allege the facts necessary to establish the elements of racial discrimination. (Id.) Defendant Meadows' arguments mirror those advanced by defendant Banner Lassen. (See Def. Meadows' Mot. to Dismiss (Doc. No. 45) at 8-9.)

The undersigned finds that plaintiff's amended complaint fails to allege that there was an employment relationship between himself and the defendants. While the amended complaint does allege, in a conclusory manner, that defendant Banner Lassen refused to provide plaintiff with an application for hospital privileges, the amended complaint fails to allege that such hospital privileges would have established an employment relationship between plaintiff and the defendants. See generally Johnson v. Riverside Healthcare System, LP, 534 F.3d 1116, 1126 (9th Cir. 2008) (finding that a doctor who received compensation from the defendant hospital which also retained control over the doctor's activities had an employee relationship with the hospital); Mitchell v. Frank R. Howard Memorial Hosp., 853 F.2d 762, 766-67 (9th Cir. 1988) (finding that the plaintiff radiologist had alleged sufficient facts to establish that he was an employee of the hospital and not an independent contractor for purpose of Title VII). But see Wojewski v. Rapid City Regional Hosp., Inc., 450 F.3d 338, 343-44 (8th Cir. 2006) (affirming the grant of summary judgment in favor of the defendant hospital on the grounds that the plaintiff doctor who was challenging the termination of his hospital privileges was an independent contractor, not an employee of the hospital); Shah v. Deaconess Hosp., 355 F.3d 496, 500 (6th Cir. 2004) (affirming grant of summary judgment in favor of the defendant hospital in part because the plaintiff doctor with surgical privileges was not an employee for Title VII purposes); Cilecek v. Inova Health System Services, 115 F.3d 256, 263 (4th Cir. 1997) (affirming grant of summary judgment in favor of the defendant hospital because the plaintiff doctor was under contract to provide emergency medical services and was therefore an independent contractor not covered by Title VII); Alexander v. Rush North Shore Medical Center, 101 F.3d 487, 494 (7th Cir. 1996) (affirming grant of summary judgment in favor of the defendant hospital and finding

6

as a matter of law that the plaintiff physician with staff privileges was an independent contractor who could not bring a Title VII action against the hospital that revoked his privileges); Diggs v. Harris Hospital - - Methodist, Inc., 847 F.2d 270, 272-73 (5th Cir. 1988) (affirming denial of relief by the district court following a bench trial because no employee-employer relationship existed between the plaintiff physician and the defendant hospital for purposes of a Title VII claim challenging the termination of plaintiff's privileges).

In opposing defendants' motions to dismiss plaintiff merely argues that the E.E.O.C. "determined that hospital privileges of a physician are an employee/employer relationship with the hospital, otherwise the E.E.O.C. would not have issued" the Right to Sue letter. (Pl.'s Opp.'n (Doc. No. 50) at 3.) Plaintiff's offers no legal support for this assertion.[4]

---

[4] Plaintiff has also included with his opposition to the pending motion to dismiss a copy of a confidential settlement agreement entered into in April of 2007 between plaintiff and defendant Banner Lassen, stemming from an incident which occurred on May 12, 2003. (Pl.'s Opp.'n (Doc. No. 50) at 11.) One of the terms of that settlement agreement provides:

> The Parties acknowledge that neither Banner nor Marshall desires for Marshall to reapply for membership or clinical privileges on the organized medical staff of Banner Lassen Medical Center. Regardless of whether Marshall subsequently changes his mind to that effect, Marshall agrees that he never will reapply for membership or clinical privileges on the organized medical staff of Banner Lassen Medical Center or of any successor to any such medical staff (hereinafter referred to individually as a "Banner Medical Staff"), or otherwise seek to practice medicine at Banner Lassen Medical Center or at any other hospital or healthcare facility owned or operated by Banner Health. Should Marshall attempt to disregard or circumvent this provision, the Banner Medical Staff(s) involved shall be entitled to ignore his efforts, including inquiries, and shall be under no obligation to respond in any manner. Marshall agrees that this provision in and of itself provides grounds for determining that Marshall is not eligible to apply for membership or clinical privileges on the Banner Medical Staff(s) or to otherwise practice medicine at Banner Lassen Medical Center or at any other hospital or healthcare facility owned or operated by Banner Health without need for further action by the Banner Medical Staff(s) involved.

(Id. at 12-13.) It appears that this term of the parties' 2007 settlement agreement may bar any claim by plaintiff regarding defendants' failure to provide him an application for hospital privileges. See generally Pardi v. Kaiser Found. Hosps., 389 F.3d 840, 848 (9th Cir. 2004) (affirming summary judgment based on enforcement of settlement agreement relating to acts that took place prior to execution of that agreement where plaintiff failed to "establish that the Settlement Agreement was procured by fraud, duress, failure of informed consent, or any other

1  Moreover, a review of the Right to Sue letter issued to plaintiff reveals that the EEOC did not
2  make any finding with respect to an employee/employer relationship between plaintiff and the
3  defendant Medical Center.  Rather, the EEOC merely notified plaintiff that the agency was
4  closing its file on plaintiff's charge because it had "[n]o jurisdiction[.]"  (Am. Compl. (Doc. No.
5  37) at 15.)

6  The undersigned finds that plaintiff has once again simply failed to allege facts
7  demonstrating the existence of an employment relationship between himself and the defendants.
8  See generally, Clackamas Gastroenterology Assoc., P.C. v. Wells, 538 U.S. 440, 445 (2003)
9  (explaining that for purposes of federal statutory law "conventional master-servant relationship
10 as understood by common-law agency doctrine" is the relevant test in determining whether
11 plaintiff is an "employee" of defendant); Montazer v. SM Stoller, Inc., 363 Fed. Appx. 460, 461
12 (9th Cir. 2010) ("The district court did not err in dismissing the federal employment
13 discrimination claims because Montazer failed to allege facts showing that any remaining
14 defendant was his employer."); Henderson v. Sony Pictures Entertainment, Inc., 288 Fed. Appx.
15 387, 389 (9th Cir. 2008) ("The district court properly dismissed with prejudice Henderson's Title
16 VII claims against Mellon Bank because he failed to allege that he was a direct or indirect
17 employee of Mellon Bank.").[5]

18 For these reasons, plaintiff in his amended complaint  has failed allege sufficient
19 facts to state a cognizable claim for relief under Title VII.  Accordingly, that cause of action
20 should be dismissed.

---

22 basis that would render it invalid."); Morta v. Korea Ins. Corp., 840 F.2d 1452, 1456-57 (9th Cir. 1988) (upholding settlement agreement where record showed no legally sufficient reason to
23 rescind it); see also Henderson v. Sony Pictures Entertainment, Inc., 288 Fed. Appx. 387, 389 (9th Cir. 2008) ("The district court properly dismissed with prejudice Henderson's Title VII that
24 arose during his employment with SPE because those claims are barred by the terms of a settlement agreement signed by Henderson and SPE in 2002 to resolve a prior action.").

26 [5] Citation to these unpublished Ninth Circuit opinions is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1  Moreover, a review of the Right to Sue letter issued to plaintiff reveals that the EEOC did not
2  make any finding with respect to an employee/employer relationship between plaintiff and the
3  defendant Medical Center.  Rather, the EEOC merely notified plaintiff that the agency was
4  closing its file on plaintiff's charge because it had "[n]o jurisdiction[.]"  (Am. Compl. (Doc. No.
5  37) at 15.)

6  The undersigned finds that plaintiff has once again simply failed to allege facts
7  demonstrating the existence of an employment relationship between himself and the defendants.
8  See generally, Clackamas Gastroenterology Assoc., P.C. v. Wells, 538 U.S. 440, 445 (2003)
9  (explaining that for purposes of federal statutory law "conventional master-servant relationship
10 as understood by common-law agency doctrine" is the relevant test in determining whether
11 plaintiff is an "employee" of defendant); Montazer v. SM Stoller, Inc., 363 Fed. Appx. 460, 461
12 (9th Cir. 2010) ("The district court did not err in dismissing the federal employment
13 discrimination claims because Montazer failed to allege facts showing that any remaining
14 defendant was his employer."); Henderson v. Sony Pictures Entertainment, Inc., 288 Fed. Appx.
15 387, 389 (9th Cir. 2008) ("The district court properly dismissed with prejudice Henderson's Title
16 VII claims against Mellon Bank because he failed to allege that he was a direct or indirect
17 employee of Mellon Bank.").[5]

18 For these reasons, plaintiff in his amended complaint  has failed allege sufficient
19 facts to state a cognizable claim for relief under Title VII.  Accordingly, that cause of action
20 should be dismissed.

---

22 basis that would render it invalid."); Morta v. Korea Ins. Corp., 840 F.2d 1452, 1456-57 (9th Cir. 1988) (upholding settlement agreement where record showed no legally sufficient reason to
23 rescind it); see also Henderson v. Sony Pictures Entertainment, Inc., 288 Fed. Appx. 387, 389 (9th Cir. 2008) ("The district court properly dismissed with prejudice Henderson's Title VII that
24 arose during his employment with SPE because those claims are barred by the terms of a settlement agreement signed by Henderson and SPE in 2002 to resolve a prior action.").

26 [5] Citation to these unpublished Ninth Circuit opinions is appropriate pursuant to Ninth Circuit Rule 36-3(b).

II. 42 U.S.C. § 1981

Plaintiff also alleges that the defendants violated his rights under 42 U.S.C. § 1981. Specifically, plaintiff alleges that defendant Dr. Meadows, acting as an agent for defendant Banner Lassen, refused to provide plaintiff with an application for hospital privileges because of plaintiff's race. (Am. Compl. (Doc. No. 37) at 12.) Plaintiff also alleges that the defendants discriminated against him by prohibiting him "from seeing his patients at Banner Lassen Medical Center." (Id.)

42 U.S.C. § 1981 provides as follows:

> (a) Statement of equal rights-All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> (b) "Make and enforce contracts" defined-For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> (c) Protection against impairment-The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

Section 1981 is not "a general proscription of racial discrimination . . . it expressly prohibits discrimination only in the *making and enforcement of contracts*." Patterson v. McLean Credit Union, 491 U.S. 164, 176 (1989) (emphasis added). See also Georgia v. Rachel, 384 U.S. 780, 791 (1966) ("The legislative history of the 1866 Act clearly indicates that Congress intended to protect a limited category of rights").

> In this respect, [§ 1981] prohibits discrimination that infects the legal process in ways that prevent one from enforcing contract rights, by reason of his or her race, and this is so whether this discrimination is attributed to a statute or simply to existing practices. It also covers wholly private efforts to impede access to

9

the courts or obstruct nonjudicial methods of adjudicating disputes about the force of binding obligations, as well as discrimination by private entities, such as labor unions, in enforcing the terms of a contract.

Patterson, 491 U.S. at 177. "Any claim brought under § 1981, therefore, must initially identify an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights." Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006). "[A] plaintiff cannot state a claim under § 1981 unless he has (or would have) rights under the existing (or proposed) contract that he wishes 'to make and enforce.'" (Id. at 479-80.)

Here, plaintiff's amended complaint is once again devoid of any allegations regarding a contractual relationship between himself and the named defendants.[6] Instead, plaintiff has merely alleged in conclusory fashion that the defendants "refused plaintiff an application for hospital privileges based on plaintiff['s] race." (Am. Compl. (Doc. No. 37) at 12.) Presented with this bare, unexplained allegation that plaintiff was denied an application for hospital privileges, the amended complaint leaves unaddressed how the application plaintiff sought implicated a contractual relationship between the parties. See generally Ennix v. Stanten, 556 F. Supp.2d 1073, 1082-84 (N.D. Cal. 2008) (in denying the defendant medical center's motion for summary judgment on plaintiff's § 1981 cause of action the court examined whether the plaintiff doctor had a contractual relationship with the defendant medical center and found that given the evidence presented a jury could reasonably conclude there was such a contractual relationship in that case); Janda v. Madera Community Hospital, 16 F. Supp. 2d 1181, 1186-87 (E.D. Cal. 1998) (on a motion to dismiss finding that an employment contract, supported by consideration, existed between the plaintiff physician and the defendant hospital).

/////

---

[6] Under California contract law, "[i]t is essential to the existence of a contract that there should be: (1) Parties capable of contracting; (2) Their consent; (3) A lawful object; and, (4) A sufficient cause or consideration." CAL. CIV. CODE § 1550.

The bare allegations of plaintiff's amended complaint in this respect, fail to state a cognizable claim for relief under 42 U.S.C. § 1981 and that claim should, therefore, be dismissed as well.

CONCLUSION

For the reasons set forth above, the undersigned concludes that both of plaintiff's causes of action based on alleged violations of federal law should be dismissed for failure to state a claim upon which relief may be granted. The undersigned has carefully considered whether plaintiff could file a further amended complaint that states a cognizable federal claim that would not be subject to dismissal. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of plaintiff inability to cure the deficiencies noted in his original complaint, the undersigned finds that it would be futile to grant plaintiff further leave to amend.[7]

If these findings and recommendations are adopted, only plaintiff's claims based on alleged violation of state law will remain. A district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The court's discretion to decline jurisdiction over state law claims is informed by the values of judicial economy, fairness, convenience, and comity. Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). In addition, "[t]he Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated,

---

[7] The court notes that plaintiff's amended complaint is substantially similar to the original complaint he filed in this matter. The defects noted above with respect to his amended complaint were also found to be presented in the original complaint. (See Doc. No. 36 at 10-15.) Although the court previously advised plaintiff of these defects, he was unable to correct them in his amended complaint.

11

that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Acri, 114 F.3d at 1001 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)). See also Satey v. JP Morgan Chase & Co., 521 F.3d 1087, 1091 (9th Cir. 2008) (recognizing this principle but noting that dismissal of the remaining state law claims is not mandatory).

Here, six of the seven causes of action set forth in plaintiff's amended complaint are based on alleged violations of state law.[8] Those include state law causes of action for negligent interference with economic relationship, intentional interference with economic relations, negligent infliction of emotional distress, intentional infliction of emotional distress, defamation, and abuse of process. (Doc. No. 37 at 5-11.) Of course, "primary responsibility for developing and applying state law rests with the state courts." Curiel v. Barclays Capital Real Estate Inc., Civ. No. S-09-3074 FCD/KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010). Here, as in the usual case, consideration of judicial economy, fairness, convenience, and comity all point toward declining to exercise supplemental jurisdiction. Therefore, the undersigned will also recommend that the assigned district judge decline to exercise supplemental jurisdiction over plaintiff's various state law claims and that they be dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Banner Lassen's May 19, 2011 motion to dismiss (Doc. No. 38) be granted in part;

2. Defendant Hal Meadows May 20, 2011 motion to strike (Doc. No. 43) be denied as moot;

---

[8] Although plaintiff's amended complaint includes a cause of action labeled as the "Ninth Cause of Action," it actually contains only seven causes of action because there are no sixth and seventh causes of action pled. (Doc. No. 37 at 11-12.)

3. Defendant Hal Meadows May 20, 2011 motion to dismiss (Doc. No. 45) be granted in part;

4. Plaintiff's claims based upon alleged violation of federal law be dismissed with prejudice;

5. The court decline to exercise supplemental jurisdiction over plaintiff's state law claims;

6. Plaintiff's state law claims be dismissed without prejudice under 28 U.S.C. § 1367(c)(3); and

7. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 7, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
orders.pro se/marshall1286.mtd2